**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

```
FILED: APRIL 10, 2008
08CV2036          EDA
JUDGE DARRAH
MAGISTRATE JUDGE SCHENKIER
```

| | | |
|---|---|---|
| MATTHEW DIAMANTOS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Honorable Judge |
| | ) | |
| | ) | Magistrate Judge |
| UNION PACIFIC RAILROAD, | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMANDED** |

**COMPLAINT**

**NOW COMES** Plaintiff, Matthew Diamantos, by and through his attorney Charles Siedlecki , and complaining against the Defendant Union Pacific Railroad Company, states as follows:

***JURISDICTION AND VENUE***

1.    This action is brought pursuant to The Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 et seq,; The Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 et. seq.; Title VII of the Civil Rights Act of 1964, ("Title VII") 42 U.S.C. § 2000e et. seq.; and the Civil Rights Attorney's Fee's Awards Act of 1976, (42 U.S.C. § 1988). Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, as well as this Court's power to assert ancillary and pendant jurisdiction over related state law claims. This action properly lies in the Northern District of Illinois, pursuant to 28 U.S.C. § 1391(b) in that the claim arose in this jurisdictional district.

-1-

### *PARTIES*

2.    Plaintiff, Matthew Diamantos, (hereinafter sometimes referred to as "Plaintiff"), is a

      citizen of the United States of America, who resides within the State of Illinois.

3.    Defendant, Union Pacific Railroad Co., (hereinafter sometimes referred to as

      "Defendant") is a registered corporation doing business within the State of Illinois and is

      an employer within the meaning of Title VII, employing more than 500 persons.

### *FACTS*

4.    Plaintiff is a white male.

5.    Plaintiff was hired by the Defendant on July 5, 1994.

6.    Plaintiff was employed by the Defendant as a Trainman.

7.    During his tenure as an employee of the Defendant Plaintiff met or exceeded the

      reasonable work expectations of the Defendant.

8.    In June 2006, Plaintiff began to suffer harassment and discrimination at the hands of his

      supervisor Mr. Craig Lockhart who is Black, male.

9.    During his tenure with Defendant, Plaintiff was subjected to terms and conditions of

      employment which were not applied to similarly situated black employees, inclusive of

      but not limited to the following:

      a.    Plaintiff had his work hours cut and pay substantially reduced.

      b.    Plaintiff was subjected to false accusations which resulted in Plaintiff being

            forced to see a counselor to maintain employment.

      c.    Plaintiff's work was scrutinized to a degree not applied to other black co-workers

            by Lockhart.

10.    The above actions were directed at Plaintiff by supervisory personnel of the Defendant.

11.    On December 12, 2005 Plaintiff provided written notice to Defendant of his need for leave under the FMLA so as to care for himself because he was receiving medical care for serious health condition.

12.    On January 30, 2006 Plaintiff provided written notice to Defendant of his need for leave under the FMLA so as to care for himself because he was receiving medical care for serious health condition.

13.    On March 27, 2006, Plaintiff provided written notice to Defendant of his need for leave under the FMLA so as to care for his son who was receiving medical care for serious health condition.

14.    On April 3, 2006, Plaintiff provided written notice to Defendant of his need for leave under the FMLA so as to care for his wife who was receiving medical care for serious health condition.

15.    On April 10, 2006, Plaintiff provided written notice to Defendant of his need for leave under the FMLA so as to care for his son who was receiving medical care for serious health condition.

16.    On August 9, 2006, Plaintiff provided written notice to Defendant of his need for leave under the FMLA so as to care for himself who was receiving medical care for serious health condition.

17.    On November 6, 2006, Plaintiff provided written notice to Defendant of his need for leave under the FMLA so as to care for his son who was receiving medical care for serious health condition.

18.   Plaintiff had worked continuously for Defendants for more than twelve (12) months preceding his giving notice of his need for FMLA leave.

19.   Plaintiff had worked more than 1250 hours during the twelve (12) month period preceding his giving said notice of his need for FMLA leave.

20.   Plaintiff was entitled to 480 hours of FMLA protected leave.

21.   Plaintiff was denied FMLA coverage for the absences he took to care for his family members and himself.

22.   Defendant claimed to not receive the medical certifications sent in by Plaintiff's physicians.

23.   Defendant failed to properly administer Plaintiff's rights under the FMLA.

24.   In or around July 2006 Plaintiff complained of the above actions/harassment/discrimination to Defendant through supervisory personnel/agents of the Defendant. No corrective action was taken.

25.   In or around July 2006, Plaintiff filed an internal complaint with Respondents' EEO office. No corrective action was taken.

26.   In or around July 2006, Plaintiff complained to the Illinois Department of Labor.

27.   As a result, on or about August 22, 2206, Plaintiff was disciplined and discharged in retaliation for the aforesaid accusations.

28.   Plaintiff suffered the above discrimination because of his race and availing himself of his FMLA rights, and but for complaining of said discrimination would not have been retaliated against, disciplined and discharged by the Defendant.

29.   Defendants actions in disciplining and discharging Plaintiff for taking FMLA protected

-4-

leave was unlawful, discriminatory, retaliatory pre-textual and a violation of federal law.

30. Plaintiff's ability to exercise his rights under the FMLA was thereby intentionally interfered with by Defendant.

31. On or around October 1, 2006, Plaintiff was reinstated and the actions/harassment/discrimination have since only increased.

32. Plaintiff was forced to seek psychological care due to the increased harassment and discrimination.

33. This counseling and psychological care has attached a stigma to the Plaintiff and now he is perceived as disabled by Defendant and discriminated against because of that perception.

34. Plaintiff was discriminated against in his employment on the basis of his race.

35. Plaintiff was harassed because of his race and suffered a hostile work environment because of his race.

36. Plaintiff was subjected to discipline/accusations not applied to other similarly situated employees who were black or who applied for FMLA protected leave.

37. Plaintiff complained of the harassment and discrimination suffered, yet no corrective action was taken.

38. On April 2, 2007, Plaintiff timely filed a charge of retaliation and on July 26, 2007, amended that charge to include race/disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") Charge No. 440-2007-04140.

39. On February 8, 2008, Plaintiff was issued  a Notice of Right to Sue by the EEOC.

40. Plaintiff files this complaint within ninety (90) days of receipt of the above-referenced

Notice of Right to Sue.

41.    Plaintiff has met all prerequisites required prior to filing suit.

### COUNT 1
### RETALIATION IN VIOLATION OF FMLA

1-41    Plaintiff repeats and realleges paragraphs 1 through 41 above as paragraphs 1 through 41

of Count I, as though fully set forth herein.

42.    Defendant applied FMLA time-off taken by Plaintiff as a negative factor against Plaintiff

in discharging his employment.

43.    Plaintiff was disciplined and discharged from his employment because he availed himself

of the guarantees and rights of the FMLA.  Defendant's conduct was willful and intended

to harm Plaintiff.

44.    Defendant's proffered reason for discharging Plaintiff is false, unsupported,  and pre-

textual.  There exists a causal link between Plaintiff availing himself of FMLA rights and

his discharge.

45.    Said discriminatory and unlawful termination is in direct violation of FMLA 29 U.S.C. §

2615(a)(2).

46.    As a result of Defendant's actions Plaintiff has suffered harm and injury, damage to his

good reputation, exacerbation of his physical condition, physical injury, extreme mental

anguish, painful embarrassment among his friends and co-workers, disruption of his

personal life, financial injury, lost benefits, lost wages and the loss of enjoyment of the

ordinary pleasures of everyday life.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment

in his favor as follows:

> (a)    Monetary damages to compensate Plaintiff for all lost salary and benefits from the time Defendant's improper conduct commenced to the time of the award, plus all accrued interest thereon;

> (b)    Monetary damages to compensate Plaintiff for all future lost salary and benefits;

> (c)    Liquidated damages equal to an amount awarded hereunder, pursuant to FMLA § 107(a)(1)(A)(iii);

> (d)    Reasonable attorney's fees, expert witness fees and costs of litigation and costs of this suit;

> (e)    Satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and this Court shall deem proper under the circumstances.

### COUNT II
### INTERFERENCE WITH PLAINTIFF'S SUBSTANTIVE RIGHTS UNDER FMLA

1-46.    Plaintiff repeats and realleges paragraphs 1-46 above as paragraphs 1 through 46 of Count II, as though fully set forth herein.

47.    Plaintiff had worked for Defendant more than 1250 hours within the preceding twelve month period.

48.    Plaintiff had provided written notice and medical certification(s) to Defendant regarding his need for FMLA leave.

49.    Defendant intentionally interfered and burdened Plaintiff's in the exercise of his substantive statutory rights as an eligible employee under 29 U.S.C. § 2615(a)(1) . Defendant's conduct were willful.

50.   Plaintiff was entitled to FMLA leave and Defendant unlawfully interfered with Plaintiff's exercise of said entitlement.

51.   As a result of Defendants discriminatory actions Plaintiff has suffered harm and injury, damage to his good reputation, extreme mental anguish, painful embarrassment among his friends and co-workers, exacerbation of a pre-existing physical condition, physical injury, disruption of his personal life, financial injury, lost benefits, lost wages and the loss of enjoyment of the ordinary pleasures of everyday life.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

(a)   Monetary damages to compensate Plaintiff for all lost salary and benefits from the time Defendant's improper conduct commenced to the time of the award, plus all accrued interest thereon;

(b)   Monetary damages to compensate Plaintiff for all future lost salary and benefits;

(c)   Liquidated damages equal to an amount awarded hereunder, pursuant to FMLA § 107(a)(1)(A)(iii);

(d)   Reasonable attorney's fees, expert witness fees and costs of litigation and costs of this suit;

(e)   Satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and this Court deem just under the circumstances.

## COUNT III
## *RACE DISCRIMINATION IN VIOLATION OF TITLE VII*

1-52.   Plaintiff repeats and re-alleges paragraphs 1 through 52 above as paragraphs 1 through 52

of Count III, as though fully set forth herein.

52.    Plaintiff is white.

53.    Plaintiff received good evaluations prior to his discharge and was meeting the legitimate

expectations of the Defendant.

54.    Plaintiff was targeted for harassment because of his race.

55.    Plaintiff was targeted for false discipline because of his race.

56.    Plaintiff was denied equivalent treatment as compared to his black counterparts because

of his race.

57.    Plaintiff was scrutinized to an extent not suffered by black employees.

58.    Black employees were treated more favorably than non-black employees because of race.

59.    Plaintiff suffered the above discrimination and harassment at the hands of the Defendant,

its supervisors and/or agents.

60.    Plaintiff informed and complained to the Defendant of these discriminatory actions yet no

corrective action was taken.

61.    Plaintiff was discharged and suffered negative job actions based on false and pretextual

grounds because of his race. Defendant's conduct was willfull.

62.    Defendant's actions have caused Plaintiff to suffer harm and injury to his good

reputation, extreme mental anguish. Painful embarrassment among his friends and co-

workers, disruption of his personal life, lost wages, income, benefits, opportunity for

advancement and the loss and enjoyment of the ordinary pleasures of everyday life.

   **WHEREFORE,**    Plaintiff respectfully prays that this Honorable Court grant the following

relief:

A.      Award compensatory damages against the Defendant in the amount of three

hundred and thousand dollars ($300,000.00)

B.      Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or

front-pay, in an effort to make Plaintiff whole.

C.      Award punitive damages as allowed by law.

4.      Award reasonable attorney's fees and costs of this suit.

E.      Such other relief as this Honorable Court deems just and proper under the

circumstances.

## COUNT IV
## HOSTILE ENVIRONMENT

1-62.   Plaintiff repeats and re-alleges paragraphs 1 through 62 above as paragraphs 1 through 62

of Count IV, as though fully set forth herein.

63.     Plaintiff was subject to unwelcome harassment as specified above.

64.     The harassment Plaintiff suffered was based upon his race.

65.     The harassment suffered by Plaintiff was severe, pervasive and altered the terms and

conditions of his employment.

66.     The harassment intensified over time until it became a daily occurrence.

67.     Defendant was aware of the harassment/discrimination yet took no corrective measures.

68.     The harassment was perpetrated by supervisory personnel of the Defendant.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court grant the

following relief:

A.      Award compensatory damages against the Defendant in the amount of three

-10-

hundred thousand dollars ($300,000.00)

B.      Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

C.      Award punitive damages as allowed by law.

D.      Award reasonable attorney's fees and costs of this suit.

E.      Such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT V
## DISPARATE TREATMENT

1-68.   Plaintiff repeats and re-alleges paragraphs 1 through 68 above as paragraphs 1 through 68 of Count V, as though fully set forth herein.

69.     The Plaintiff is white.

70.     The Plaintiff was and is qualified for the job he held.

71.     The Plaintiff adequately performed all of the functions that his job entailed.

72.     Despite the Plaintiff's qualifications and performance he was discriminated against by the Defendant because of his race.

73.     The discrimination and disparate treatment suffered by the Plaintiff at the hands of Defendant was intentional.

74.     The Defendant has discriminated against the Plaintiff in the terms and conditions of his employment on the basis of race.

75.     The Plaintiff is now suffering and will continue to suffer as a result of the discriminatory employment practices engaged in and tolerated by the Defendant unless and until this

-11-

Honorable Court grants relief.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court grant the

following relief:

A.    Award compensatory damages against the Defendant in the amount of three

hundred and thousand dollars ($300,000.00)

B.    Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or

front-pay, in an effort to make Plaintiff whole.

C.    Award punitive damages as allowed by law.

D.    Award reasonable attorney's fees and costs of this suit.

E.    Such other relief as this Honorable Court deems just and proper under the

circumstances.

## COUNT VI
## RETALIATION IN VIOLATION OF TITLE VII

1-75.    Plaintiff repeats and re-alleges paragraphs 1 through 75 above as paragraphs 1 through 75

of Count VI, as though fully set forth herein.

76.    Plaintiff engaged in a protected activity, in that he filed complaints of race discrimination,

harassment/retaliation internally and with Illinois Department of Labor.

77.    Plaintiff was subsequently and increasingly hounded, harassed, denied hours/pay

regularly granted to others and was subject to unfounded disciplinary action, threats of

disciplinary action, and eventually discharged. This discharge was without basis and

retaliatory.

78.    A causal connection exists between Plaintiffs' complaints of discrimination, harassment,

unequal treatment, retaliation and the adverse employment action and discriminatory acts placed upon and to him.

79.    Plaintiff suffered and continues to suffer as a result of the Defendant's retaliatory conduct.

80.    Plaintiff has suffered physical upset, financial loss, emotional distress, damage to his good reputation, extreme mental anguish. Painful embarrassment among his friends and co-workers, disruption of his personal life, and the loss and enjoyment of the ordinary pleasures of everyday life.

    **WHEREFORE,**  Plaintiff respectfully prays that this Honorable Court grant the following relief:

    A.    Award Plaintiffs compensatory damages and punitive damages against the Defendant in the amount of three hundred thousand dollars ($300,000.00)

    B.    Award the Plaintiff punitive damages determined by tthe jury, back pay, pre-judgment interest and lost benefits in an effort to make Plaintiff whole.

    C.    Award reasonable attorney's fees and costs of this suit.

    D.    Such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT VII

### DISCRIMINATION/RETALIATION IN VIOLATION F THE ADA

1-80.    Plaintiff repeats and re-alleges paragraphs 1 through 80 above as paragraphs 1 through 80 of Count VII, as though fully set forth herein.

81.    Plaintiff suffered discrimination and harassment as set forth above.  As a result Plaintiff

was forced to seek psychiatric medical care.

82.    Defendant was and is aware of the fact that plaintiff sought said psychiatric care.

83.    Plaintiff is disabled within the meaning of the ADA because he was/is regarded as having an impairment that substantially limits one or more major life activities in violation of 42 U.S.C. § 12102(20©.

84.    Plaintiff is disabled within the meaning of the ADA because he has a record of such impairment as set forth herein. 42 U.S.C. § 12102(2)(b)

85.    Plaintiff was/is being discriminated against by the Defendant because of the Defendant's erroneous belief that he was significantly impaired in the major life activity of cognitive thought and unable to perform the job functions of the positions he held and those he sought.

86.    The stigma applied to Plaintiff by defendant motivated them to interfere and deny Plaintiff job opportunities, reinstatement, harass and terminate Plaintiff from his employment.

87.    It was Defendant's reaction to Plaintiff's disclosure that their harassment of him drove him to seek psychiatric care that was disabling.

88.    Defendant acted out of fear in a stereotypical response to Plaintiff's medical disclosures.

89.    Defendant perceived the Plaintiff to be disabled even after he was released to return to work.

90.    Plaintiff was adequately performing the duties assigned him yet suffered adverse employment consequences as a result of Defendant's perception of him as disabled.

91.    At all times material hereto, Plaintiff was an employee of the Defendant within the

meaning of 42 U.S.C. § 1211(4) and a qualified individual with a disability who was able to perform the esential functions of his position with or without an accommodation as required by 42 U.S.C. § 12111(8).

92.   Defendant discriminated against plaintiff in violation of the ADA, 42 U.S.C. § 12112(a).

93.   Plaintiff has satisfied all of the procedural prerequisites established by Section 7086 of Title II of the Civil Rights Act of 1964, as adopted by the terms of 42 U.S.C. § 12117(a) in that he timely filed a charge of discrimination with the United States equal Employment Opportunity Commission, and was thereafter given a Notice of Right to Sue.  This Complaint and Jury demand is filed within 90 days or receipt of said Notice of Right to sue.

94.   The effect of the practices complained of above has been to deprive Plaintiff of equal employment oportunities and otherwise adversely affect his status as an employee not because he was unable to perform his job functions but because Defendant percieved Plaintiff to be impaired/disabled with regard to his ability to think and engage in cognitive thought.

95.   By the conduct described above, defendant has engaged in unlawful employment practices and duscriminated/retaliated against plaintiff on account of his record of impairment and erroneous belief that he was impaired/disabled.

96.   As a direct and proximate cause of saaid unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of discrimination, harassment, invasion of his right to be free from discrimination and great humiliation, which is manifest in physical illness and emotional distress.

-15-

97.     As a further direct and proximate result of Defendant's unlawful employment practices, Plaintiff has suffered aggravation of a physical condition, extreme mental anguish, outrage, severe anxiety about his future, painful embarrassment among his freinds and co-workers, damage to his good reputation, disruption of his personal life, financial injury, monetary loss, lost benefits, and loss of the enjoyment of the ordinary pleasures of everyday life.

98.     Plaintiff has been damaged by Defendant's actions/inactions, and is entitled to relief as set forth in his prayer for relief.

**WHEREFORE**, Plaintiff respectfully prays this Honorable Court enter judgment against Defendant as follows:

A.      Compensatory damages in an amount in excess of two hundred thousand dollars, $200,000.00.

B.      Punitive damages and costs of this suit.

C.      Reasonable attorney fees as permitted by 42 U.S.C. § 1988

D.      Such other relief as may be proper and just.

Respectfully submitted,

*/s/* Charles Siedlecki
Attorney for Plaintiff

Charles Siedlecki and Associates, P.C.
10540 South Western Avenue - Suite 405

-16-

Chicago, Illinois 60643
(773) 881-2535