IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW DIAMANTOS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 2036 |
| | ) | |
| v. | ) | Judge Darrah |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant, UNION PACIFIC RAILROAD COMPANY ("UP") by its attorneys OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., answers Matthew Diamantos' Complaint, and states as follows:

### JURISDICTION AND VENUE

1.    This action is brought pursuant to The Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 et seq.; The Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 et. seq.; Title VII of the Civil Rights Act of 1964, ("Title VII") 42 U.S.C. § 2000e et. seq.; and the Civil Rights Attorney's Fee's Awards Act of 1976, (42 U.S.C. §1988).  Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, as well as this Court's power to assert ancillary and pendent jurisdiction over related state law claims.  This action properly lies in the Northern District of Illinois, pursuant to 28 U.S.C. § 1391(b) in that the claim arose in this jurisdictional district.

**ANSWER:**

Defendant admits Plaintiff purports to bring this action under the FMLA, the ADA, Title VII and the Civil Rights Attorney's Fees Awards Act of 1976 and that this court has jurisdiction of claims brought under those statutes pursuant to 28 U.S.C. §§ 1331.  Defendant further admits that venue properly lies in this court.  Defendant denies the remaining allegations contained in paragraph 1.

### *PARTIES*

2.    Plaintiff, Matthew Diamantos, (hereinafter sometimes referred to as "Plaintiff"), is a citizen of the United States of America, who resides within the State of Illinois.

**ANSWER:**

Upon information and belief, Defendant admits the allegations contained in paragraph 2.

3.    Defendant, Union Pacific Railroad Co., (hereinafter sometimes referred to as "Defendant") is a registered corporation doing business within the State of Illinois and is an employer within the meaning of Title VII, employing more than 500 persons.

**ANSWER:**

Defendant admits the allegations contained in paragraph 3.

### *FACTS*

4.    Plaintiff is a white male.

**ANSWER:**

Upon information and belief, Defendant admits the allegations contained in paragraph 4.

5.    Plaintiff was hired by the Defendant on July 5, 1994.

**ANSWER:**

Defendant admits the allegations contained in paragraph 5.

6.    Plaintiff was employed by the Defendant as a Trainman.

**ANSWER:**

Defendant admits Plaintiff was hired as a Trainman and is currently employed as a Conductor.

7.    During his tenure as an employee of the Defendant Plaintiff met or exceeded the reasonable work expectations of the Defendant.

**ANSWER:**

Defendant is without information and knowledge sufficient to form a belief as to what "met or exceeded the reasonable work expectations of the Defendant" Plaintiff is referring to in paragraph 7 and therefore denies the allegations contained in paragraph 7.

8.      In June 2006, Plaintiff began to suffer harassment and discrimination at the hands of his supervisor Mr. Craig Lockhart who is Black, male.

**ANSWER:**

Defendant denies the allegations contained in paragraph 8.

9.      During his tenure with Defendant, Plaintiff was subjected to terms and conditions of employment which were not applied to similarly situated black employees, inclusive of but not limited to the following:

> a.      Plaintiff had his work hours cut and pay substantially reduced.
>
> b.      Plaintiff was subjected to false accusations which resulted in Plaintiff being forced to see a counselor to maintain employment.
>
> c.      Plaintiff's work was scrutinized to a degree not applied to other black co-workers by Lockhart.

**ANSWER:**

Defendant denies the allegations contained in paragraph 9.

10.     The above actions were directed at Plaintiff by supervisory personnel of the Defendant.

**ANSWER:**

Defendant denies the allegations contained in paragraph 10.

11.     On December 12, 2005 Plaintiff provided written notice to Defendant of his need for leave under the FMLA so as to care for himself because he was receiving medical care for serious health condition.

**ANSWER:**

Defendant denies the allegations contained in paragraph 11.

12.     On January 30, 2006 Plaintiff provided written notice to Defendant of his need for leave under the FMLA so as to care for himself because he was receiving medical care for serious health condition.

**ANSWER:**

Defendant denies the allegations contained in paragraph 12.

13.     On March 27, 2006, Plaintiff provided written notice to Defendant of his need for leave under the FMLA so as to care for his son who was receiving medical care for serious health condition.

**ANSWER:**

Defendant denies the allegations contained in paragraph 13.

14.     On April 3, 2006, Plaintiff provided written notice to Defendant of his need for leave under the FMLA so as to care for his wife who was receiving medical care for serious health condition.

**ANSWER:**

Defendant denies the allegations contained in paragraph 14.

15.     On April 10, 2006, Plaintiff provided written notice to Defendant of his need for leave under the FMLA so as to care for his son who was receiving medical care for serious health condition.

**ANSWER:**

Defendant denies the allegations contained in paragraph 15.

16.     On August 9, 2006, Plaintiff provided written notice to Defendant of his need for leave under the FMLA so as to care for himself who was receiving medical care for serious health condition.

**ANSWER:**

Defendant denies the allegations contained in paragraph 16.

17.     On November 6, 2006, Plaintiff provided written notice to Defendant of his need for leave under the FMLA so as to care for his son who was receiving medical care for serious health condition.

**ANSWER:**

Defendant denies the allegations contained in paragraph 17.

18.     Plaintiff had worked continuously for Defendants for more than twelve (12) months preceding his giving notice of his need for FMLA leave.

**ANSWER:**

Defendant is unaware of which "notice of his need for FMLA" Plaintiff is referring to in

paragraph 18 and therefore denies the allegations contained in paragraph 18.

19.     Plaintiff had worked more than 1250 hours during the twelve (12) month period preceding his giving said notice of his need for FMLA leave.

**ANSWER:**

Defendant is unaware of which "notice of his need for FMLA" Plaintiff is referring to in

paragraph 19 and therefore denies the allegations contained in paragraph 19.

20.     Plaintiff was entitled to 480 hours of FMLA protected leave.

**ANSWER:**

Defendant denies the allegations contained in paragraph 20.

21.     Plaintiff was denied FMLA coverage for the absences he took to care for his family members and himself.

**ANSWER:**

Defendant denies the allegations contained in paragraph 21.

22.     Defendant claimed to not receive the medical certifications sent in by Plaintiff's physicians.

**ANSWER:**

Defendant denies the allegations contained in paragraph 22.

23.     Defendant failed to properly administer Plaintiff's rights under the FMLA.

**ANSWER:**

      Defendant denies the allegations contained in paragraph 23.

      24.    In or around July 2006 Plaintiff complained of the above actions/harassment/ discrimination to Defendant through supervisory personnel/agents of the Defendant. No corrective action was taken.

**ANSWER:**

      Defendant denies the allegations contained in paragraph 24.

      25.    In or around July 2006, Plaintiff filed an internal complaint with Respondents' EEO office. No corrective action was taken.

**ANSWER:**

      Defendant admits that on July 24, 2006 Plaintiff made a compliant through the Values Line, but denies the remaining allegations contained in paragraph 25.

      26.    In or around July 2006, Plaintiff complained to the Illinois Department of Labor.

**ANSWER:**

      Defendant is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies same.

      27.    As a result, on or about August 22, 2206[sic], Plaintiff was disciplined and discharged in retaliation for the aforesaid accusations.

**ANSWER:**

      Defendant denies the allegations contained in paragraph 27.

      28.    Plaintiff suffered the above discrimination because of his race and availing himself of his FMLA rights, and but for complaining of said discrimination would not have been retaliated against, disciplined and discharged by the Defendant.

**ANSWER:**

      Defendant denies the allegations contained in paragraph 28.

29.     Defendants actions in disciplining and discharging Plaintiff for taking FMLA protected leave was unlawful, discriminatory, retaliatory pre-textual and a violation of federal law.

**ANSWER:**

Defendant denies the allegations contained in paragraph 29.

30.     Plaintiff's ability to exercise his rights under the FMLA was thereby intentionally interfered with by Defendant.

**ANSWER:**

Defendant denies the allegations contained in paragraph 30.

31.     On or around October 1, 2006, Plaintiff was reinstated and the actions/ harassment/discrimination have since only increased.

**ANSWER:**

Defendant denies the allegations contained in paragraph 31.

32.     Plaintiff was forced to seek psychological care due to the increased harassment and discrimination.

**ANSWER:**

Defendant denies the allegations contained in paragraph 32.

33.     This counseling and psychological care has attached a stigma to the Plaintiff and now he is perceived as disabled by Defendant and discriminated against because of that perception.

**ANSWER:**

Defendant denies the allegations contained in paragraph 33.

34.     Plaintiff was discriminated against in his employment on the basis of his race.

**ANSWER:**

Defendant denies the allegations contained in paragraph 34.

35.     Plaintiff was harassed because of his race and suffered a hostile work environment because of his race.

**ANSWER:**

Defendant denies the allegations contained in paragraph 35.

36.     Plaintiff was subjected to discipline/accusations not applied to other similarly situated employees who were black and who applied for FMLA protected leave.

**ANSWER:**

Defendant denies the allegations contained in paragraph 36.

37.     Plaintiff complained of the harassment and discrimination suffered, yet no corrective action was taken.

**ANSWER:**

Defendant denies the allegations contained in paragraph 37.

38.     On April 2, 2007, Plaintiff timely filed a charge of retaliation and on July 26, 2007, amended that charge to include race/disability discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") Charge No. 440-2007-04140.

**ANSWER:**

Upon information and belief, Defendant admits Plaintiff filed Charge No. 440-2007-04140 with the EEOC on April 2, 2007 and filed an amendment to that charge on July 30, 2007, but denies the allegations of those charges and denies the remaining allegations contained in paragraph 38.

39.     On February 8, 2008, Plaintiff was issued a Notice of Right to Sue by the EEOC.

**ANSWER:**

Defendant is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and therefore denies same.

40.     Plaintiff files this complaint within ninety (90) days of receipt of the above-referenced Notice of Right to Sue.

**ANSWER:**

Defendant is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies same

41.    Plaintiff has met all prerequisites required prior to filing suit.

**ANSWER:**

Defendant is without information and knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore denies same

*COUNT I*
*RETALIATION IN VIOLATION OF FMLA*

1-41.    Plaintiff repeats and realleges paragraphs 1 through 41 above as paragraphs 1 through 41 of Count I, as though fully set forth herein.

**ANSWER:**

Defendant repeats its answers to paragraphs 1 through 41 above as its answers to paragraphs 1 through 41 of Count I as though fully set forth herein.

42.    Defendant applied FMLA time-off taken by Plaintiff as a negative factor against Plaintiff in discharging his employment.

**ANSWER:**

Defendant denies the allegations contained in paragraph 42.

43.    Plaintiff was disciplined and discharged from his employment because he availed himself of the guarantees and rights of the FMLA.  Defendant's conduct was willful and intended to harm Plaintiff.

**ANSWER:**

Defendant denies the allegations contained in paragraph 43.

44.    Defendant's proffered reason for discharging Plaintiff is false, unsupported, and pretextual.  There exists a causal link between Plaintiff availing himself of FMLA rights and his discharge.

**ANSWER:**

Defendant denies the allegations contained in paragraph 44.

45.    Said discriminatory and unlawful termination is in direct violation of FMLA 29 U.S.C. § 2615(a)(2).

**ANSWER:**

Defendant denies the allegations contained in paragraph 45.

46.    As a result of Defendant's actions Plaintiff has suffered harm and injury, damage to his good reputation, exacerbation of his physical condition, physical injury, extreme mental anguish, painful embarrassment among his friends and co-workers, disruption of his personal life, financial injury, lost benefits, lost wages and the loss of enjoyment of the ordinary pleasures of everyday life.

**ANSWER:**

Defendant denies the allegations contained in paragraph 46.

## COUNT II
## INTERFERENCE WITH PLAINTIFF'S SUBSTANTIVE RIGHTS UNDER FMLA

1-46.    Plaintiff repeats and realleges paragraphs 1-46 above as paragraphs 1 through 46 of Count II, as though fully set forth herein.

**ANSWER:**

Defendant repeats its answers to paragraphs 1 through 46 above as its answers to

paragraphs 1 through 46 of Count II as though fully set forth herein.

47.    Plaintiff had worked for Defendant more than 1250 hours within the preceding twelve month period.

**ANSWER:**

Defendant is without information and knowledge sufficient to form a belief as to what

"preceding twelve month period" Plaintiff is referring to in paragraph 47 and therefore denies the

allegations contained in paragraph 47.

48.    Plaintiff had provided written notice and medical certification(s) to Defendant regarding his need for FMLA leave.

**ANSWER:**

Defendant is without information and knowledge sufficient to form a belief as to what "need for FMLA" Plaintiff is referring to in paragraph 48 and therefore denies the allegations contained in paragraph 48.

49.     Defendant intentionally interfered and burdened Plaintiff's in the exercise of his substantive statutory rights as an eligible employee under 29 U.S.C. § 2615(a)(1).  Defendant's conduct were[sic] willful.

**ANSWER:**

Defendant denies the allegations contained in paragraph 49.

50.     Plaintiff was entitled to FMLA leave and Defendant unlawfully interfered with Plaintiff's exercise of said entitlement.

**ANSWER:**

Defendant denies the allegations contained in paragraph 50.

51.     As a result of Defendants discriminatory actions Plaintiff has suffered harm and injury, damage to his good reputation, extreme mental anguish, painful embarrassment among his friends and co-workers, exacerbation of a pre-existing physical condition, physical injury, disruption of his personal life, financial injury, lost benefits, lost wages and the loss of enjoyment of the ordinary pleasures of everyday life.

**ANSWER:**

Defendant denies the allegations contained in paragraph 51.

### COUNT III
### RACE DISCRIMINATION IN VIOLATION OF TITLE VII

1-52.   Plaintiff repeats and re-alleges paragraphs 1 through 52 above as paragraphs 1 through 52 of Count III, as though fully set forth herein.

**ANSWER:**

Defendant repeats its answers to paragraphs 1 through 52 above as its answers to paragraphs 1 through 52 of Count III as though fully set forth herein.

52.    Plaintiff is white.

**ANSWER:**

Upon information and belief, Defendant admits the allegations contained in paragraph 52.

53.    Plaintiff received good evaluations prior to his discharge and was meeting the legitimate expectations of the Defendant.

**ANSWER:**

Defendant is without information and knowledge sufficient to form a belief as to what "received good evaluations prior to his discharge and was meeting the legitimate expectations of the Defendant" Plaintiff is referring to in paragraph 53 and therefore denies the allegations contained in paragraph 53.

54.    Plaintiff was targeted for harassment because of his race.

**ANSWER:**

Defendant denies the allegations contained in paragraph 54.

55.    Plaintiff was targeted for false discipline because of his race.

**ANSWER:**

Defendant denies the allegations contained in paragraph 55.

56.    Plaintiff was denied equivalent treatment as compared to his black counterparts because of his race.

**ANSWER:**

Defendant denies the allegations contained in paragraph 56.

57.    Plaintiff was scrutinized to an extent not suffered by black employees.

**ANSWER:**

Defendant denies the allegations contained in paragraph 57.

58.    Black employees were treated more favorably than non-black employees because of race.

**ANSWER:**

Defendant denies the allegations contained in paragraph 58.

59.    Plaintiff suffered the above discrimination and harassment at the hands of the Defendant, its supervisors and/or agents.

**ANSWER:**

Defendant denies the allegations contained in paragraph 59.

60.    Plaintiff informed and complained to the Defendant of these discriminatory actions yet no corrective action was taken.

**ANSWER:**

Defendant denies the allegations contained in paragraph 60.

61.    Plaintiff was discharged and suffered negative job actions based on false and pretextual grounds because of his race.  Defendant's conduct was willful.

**ANSWER:**

Defendant denies the allegations contained in paragraph 61.

62.    Defendant's actions have caused Plaintiff to suffer harm and injury to his good reputation, extreme mental anguish.  Painful embarrassment among his friends and coworkers, disruption of his personal life, lost wages, income, benefits, opportunity for advancement and the loss and enjoyment of the ordinary pleasures of everyday life.

**ANSWER:**

Defendant denies the allegations contained in paragraph 62.

*COUNT IV*
*HOSTILE ENVIRONMENT*

1-62.    Plaintiff repeats and re-alleges paragraphs 1 through 62 above as paragraphs 1 through 62 of Count IV, as though fully set forth herein.

**ANSWER:**

Defendant repeats its answers to paragraphs 1 through 62 above as its answers to

paragraphs 1 through 62 of Count IV as though fully set forth herein.

- 13 -

63.    Plaintiff was subject to unwelcome harassment as specified above.

**ANSWER:**

Defendant denies the allegations contained in paragraph 63.

64.    The harassment Plaintiff suffered was based upon his race.

**ANSWER:**

Defendant denies the allegations contained in paragraph 64.

65.    The harassment suffered by Plaintiff was severe, pervasive and altered the terms and conditions of his employment.

**ANSWER:**

Defendant denies the allegations contained in paragraph 65.

66.    The harassment intensified over time until it became a daily occurrence.

**ANSWER:**

Defendant denies the allegations contained in paragraph 66.

67.    Defendant was aware of the harassment/discrimination yet took no corrective measures.

**ANSWER:**

Defendant denies the allegations contained in paragraph 67.

68.    The harassment was perpetrated by supervisory personnel of the Defendant.

**ANSWER:**

Defendant denies the allegations contained in paragraph 68.

## COUNT V
## DISPARATE TREATMENT

1-68.    Plaintiff repeats and re-alleges paragraphs 1 through 68 above as paragraphs 1 through 68 of Count V, as though fully set forth herein.

**ANSWER:**

Defendant repeats its answers to paragraphs 1 through 68 above as its answers to paragraphs 1 through 68 of Count V as though fully set forth herein.

69.    The Plaintiff is white.

**ANSWER:**

Upon information and belief, Defendant admits the allegations contained in paragraph 69.

70.    The Plaintiff was and is qualified for the job he held.

**ANSWER:**

Defendant is without information and knowledge sufficient to form a belief as to what "was and is qualified for the job he held" Plaintiff is referring to in paragraph 70 and therefore denies the allegations contained in paragraph 70.

71.    The Plaintiff adequately performed all of the functions that his job entailed.

**ANSWER:**

Defendant is without information and knowledge sufficient to form a belief as to what "adequately performed all of the functions that his job entailed" Plaintiff is referring to in paragraph 71 and therefore denies the allegations contained in paragraph 71.

72.    Despite the Plaintiff's qualifications and performance he was discriminated against by the Defendant because of his race.

**ANSWER:**

Defendant denies the allegations contained in paragraph 72.

73.    The discrimination and disparate treatment suffered by the Plaintiff at the hands of Defendant was intentional.

**ANSWER:**

Defendant denies the allegations contained in paragraph 73.

74.    The Defendant has discriminated against the Plaintiff in the terms and conditions of his employment on the basis of race.

**ANSWER:**

Defendant denies the allegations contained in paragraph 74.

75.    The Plaintiff is now suffering and will continue to suffer as a result of the discriminatory employment practices engaged in and tolerated by the Defendant unless and until this Honorable Court grants relief.

**ANSWER:**

Defendant denies the allegations contained in paragraph 75.

## COUNT VI
## RETALIATION IN VIOLATION OF TITLE VII

1-75.    Plaintiff repeats and re-alleges paragraphs 1 through 75 above as paragraphs 1 through 75 of Count VI, as though fully set forth herein.

**ANSWER:**

Defendant repeats its answers to paragraphs 1 through 75 above as its answers to paragraphs 1 through 75 of Count VI as though fully set forth herein.

76.    Plaintiff engaged in a protected activity, in that he filed complaints of race discrimination, harassment/retaliation internally and with Illinois Department of Labor.

**ANSWER:**

Defendant denies the allegations contained in paragraph 76.

77.    Plaintiff was subsequently and increasingly hounded, harassed, denied hours/pay regularly granted to others and was subject to unfounded disciplinary action, threats of disciplinary action, and eventually discharged.  This discharge was without basis and retaliatory.

**ANSWER:**

Defendant denies the allegations contained in paragraph 77.

78.    A causal connection exists between Plaintiffs' complaints of discrimination, harassment, unequal treatment, retaliation and the adverse employment action and discriminatory acts placed upon and to him.

- 16 -

**ANSWER:**

Defendant denies the allegations contained in paragraph 78.

79.    Plaintiff suffered and continues to suffer as a result of the Defendant's retaliatory conduct.

**ANSWER:**

Defendant denies the allegations contained in paragraph 79.

80.    Plaintiff has suffered physical upset, financial loss, emotional distress, damage to his good reputation, extreme mental anguish.  Painful embarrassment among his friends and co-workers, disruption of his personal life, and the loss and enjoyment of the ordinary pleasures of everyday life.

**ANSWER:**

Defendant denies the allegations contained in paragraph 80.

### COUNT VII
### DISCRIMINATION/RETALIATION IN VIOLATION OF THE ADA

1-80.   Plaintiff repeats and re-alleges paragraphs 1 through 80 above as paragraphs 1 through 80 of Count VII, as though fully set forth herein.

**ANSWER:**

Defendant repeats its answers to paragraphs 1 through 80 above as its answers to

paragraphs 1 through 80 of Count VII as though fully set forth herein.

81.    Plaintiff suffered discrimination and harassment as set forth above.  As a result Plaintiff was forced to seek psychiatric medical care.

**ANSWER:**

Defendant denies the allegations contained in paragraph 81.

82.    Defendant was and is aware of the fact that plaintiff sought said psychiatric care.

**ANSWER:**

Defendant denies the allegations contained in paragraph 82.

83.     Plaintiff is disabled within the meaning of the ADA because he was/is regarded as having an impairment that substantially limits one or more major life activities in violation of 42 U.S.C. § 12102(20©[sic].

**<u>ANSWER:</u>**

Defendant denies the allegations contained in paragraph 83.

84.     Plaintiff is disabled within the meaning of the ADA because he has a record of such impairment as set forth herein.  42 U.S.C. § 12102(2)(b).

**<u>ANSWER:</u>**

Defendant denies the allegations contained in paragraph 84.

85.     Plaintiff was/is being discriminated against by the Defendant because of the Defendant's erroneous belief that he was significantly impaired in the major life activity of cognitive thought and unable to perform the job functions of the positions he held and those he sought.

**<u>ANSWER:</u>**

Defendant denies the allegations contained in paragraph 85.

86.     The stigma applied to Plaintiff by defendant motivated them to interfere and deny Plaintiff job opportunities, reinstatement, harass and terminate Plaintiff from his employment.

**<u>ANSWER:</u>**

Defendant denies the allegations contained in paragraph 86.

87.     It was Defendant's reaction to Plaintiff's disclosure that their harassment of him drove him to seek psychiatric care that was disabling.

**<u>ANSWER:</u>**

Defendant denies the allegations contained in paragraph 87.

88.     Defendant acted out of fear in a stereotypical response to Plaintiff's medical disclosures.

**<u>ANSWER:</u>**

Defendant denies the allegations contained in paragraph 88.

89.    Defendant perceived the Plaintiff to be disabled even after he was released to return to work.

**ANSWER:**

Defendant denies the allegations contained in paragraph 89.

90.    Plaintiff was adequately performing the duties assigned him yet suffered adverse employment consequences as a result of Defendant's perception of him as disabled.

**ANSWER:**

Defendant denies the allegations contained in paragraph 90.

91.    At all times material hereto, Plaintiff was an employee of the Defendant within the meaning of 42 U.S.C. § 1211(4) and a qualified individual with a disability who was able to perform the essential functions of his position with or without an accommodation as required by 42 U.S.C. § 12111(8).

**ANSWER:**

Defendant denies the allegations contained in paragraph 91.

92.    Defendant discriminated against plaintiff in violation of the ADA, 42 U.S.C. § 12112(a).

**ANSWER:**

Defendant denies the allegations contained in paragraph 92.

93.    Plaintiff has satisfied all of the procedural prerequisites established by Section 7086 of Title II of the Civil Rights Act of 1964, as adopted by the terms of 42 U.S.C. § 12117(a) in that he timely filed a charge of discrimination with the United States equal Employment Opportunity Commission, and was thereafter given a Notice of Right to Sue.  This Complaint and Jury demand is filed within 90 days or receipt of said Notice of Right to sue.

**ANSWER:**

Defendant denies the allegations contained in paragraph 93.

94.    The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee not because he was unable to perform his job functions but because Defendant perceived Plaintiff to be impaired/disabled with regard to his ability to think and engage in cognitive thought.

**ANSWER:**

Defendant denies the allegations contained in paragraph 94.

95.    By the conduct described above, defendant has engaged in unlawful employment practices and discriminated/retaliated against plaintiff on account of his record of impairment and erroneous belief that he was impaired/disabled.

**ANSWER:**

Defendant denies the allegations contained in paragraph 95.

96.    As a direct and proximate cause of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of discrimination, harassment, invasion of his right to be free from discrimination and great humiliation, which is manifest in physical illness and emotional distress.

**ANSWER:**

Defendant denies the allegations contained in paragraph 96.

97.    As a further direct and proximate result of Defendant's unlawful employment practices, Plaintiff has suffered aggravation of a physical condition, extreme mental anguish, outrage, severe anxiety about his future, painful embarrassment among his friends and coworkers, damage to his good reputation, disruption of his personal life, financial injury, monetary loss, lost benefits, and loss of the enjoyment of the ordinary pleasures of everyday life.

**ANSWER:**

Defendant denies the allegations contained in paragraph 97.

98.    Plaintiff has been damages by Defendant's actions/inactions, and is entitled to relief as set forth in his prayer for relief.

**ANSWER:**

Defendant denies the allegations contained in paragraph 98.

## Affirmative Defenses

1.    All employment decisions made by Defendant concerning Plaintiff were based upon legitimate, non-discriminatory reasons.

2.      Plaintiff's claims are barred to the extent they exceed the scope of the allegations contained in his EEOC charges.

3.      Plaintiff's claims may be barred, in whole or in part, by his failure to satisfy the administrative prerequisites to suit.  Specifically, any claims that arose more than 300 days before Plaintiff filed a proper charge of discrimination or as to which no timely charge was filed, are barred.

4.      Plaintiff's claims are barred by the doctrines of laches, waiver or estoppel and/or by Plaintiff's own actions, inactions or omissions.

5.      Defendant took reasonable care to prevent and correct promptly any harassing behavior and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

6.      Even if the trier of fact were to determine that a discriminatory motive or reason played any part in the employment decisions or actions regarding the Plaintiff, which Defendant denies, such decisions or actions would have been taken in any event for legitimate, non-discriminatory reasons.

7.      Defendant's actions concerning Plaintiff's employment were taken in the good faith belief, based upon reasonable grounds, that they did not violate any provisions of Title VII or ADA.

8.      Plaintiff has failed to state a claim against Defendant that would warrant an award of punitive damages.

9.      Plaintiff's compensatory and punitive damages claims are subject to the limitations imposed by 42 U.S.C. § 1981a(b)(3).

10.    Punitive damages may not be awarded because any actions arguably justifying punitive damages were not authorized or ratified by Defendant and were committed, if at all, outside the scope of the agency or employment of the actor; further any such conduct warranting punitive damages, which is denied, was contrary to Defendant's personnel policies, compliance efforts, and effective solutions to employee EEO concerns.

11.    Plaintiff is barred from recovering any damages, or any recovery of damages must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

12.    Plaintiff's claims under the FMLA are barred in whole or in part by the applicable statute of limitations.

13.    Some or all of Plaintiff's claims may be preempted by the Railway Labor Act and fall within the exclusive jurisdiction of the National Railway Adjustment Board.

WHEREFORE, Defendant respectfully requests that the complaint be dismissed and it be awarded its attorneys fees and costs in this action.

UNION PACIFIC RAILROAD COMPANY

By: s/          Carol A. Poplawski
                  One of Its Attorneys

Carol A. Poplawski (#6192132)
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
Two First National Plaza
Twenty-Fifth Floor
20 South Clark Street
Chicago, Illinois 60603-1891
(312) 558-1220

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 5th day of May, 2008, she electronically filed the foregoing **ANSWER** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Charles Siedlecki
CHARLES SIEDLECKI AND ASSOCIATES, P.C.
10540 South Western Avenue, Suite 405
Chicago, IL 60643


s/Carol A. Poplawski

6224287.1