**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW DIAMANTOS, | ) | |
| | ) | **Case No. 08 C 2036** |
| Plaintiff, | ) | |
| | ) | Honorable Judge John W. Darrah |
| vs. | ) | Presiding Judge |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | Magistrate Judge Schenkier |
| | ) | |
| Defendant. | ) | **JURY DEMANDED** |

**PLAINTIFF'S MOTION TO STRIKE**
**DEFENDANT'S AFFIRMATIVE DEFENSES No(s) 1, 4 Through 10, and 13**

Plaintiff, by and through his attorney, Charles Siedlecki, moves this Honorable Court to

Strike Defendant's Affirmative Defenses, 1, 4 - 10 and 13. In support of which Plaintiff states as

follows:

**BACKGROUND AND PROCEDURAL HISTORY**

1.    Plaintiff has pending a seven-count Complaint against the Defendant Union Pacific

Railroad, alleging violations of The Family Medical Leave Act; The Americans with

Disabilities Act; Title VII of the Civil Rights Act of 1964 as amended.

2.    On May 5, 2008, Defendant filed its Answer and thirteen Affirmative Defenses. Plaintiff

brings this Motion to Strike within 10 days of that filing, as allowed under the Federal

Rules of Civil Procedure.

**MOTION TO STRIKE STANDARD**

3**.**    Upon proper motion, the District Court may order stricken from any pleading any

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. *Fed. R.*

*Civ. P. 12(f).*  The District follows a three-part test in examining affirmative defenses that are subjected to a motion to strike: (1) the matter must be properly pleaded as an affirmative defense; (2) the must be adequately pleaded under the requirements of *Fed. R. Civ. P. 8 and 9*; and (3) the matter must withstand a Rule 12(b)(6) challenge.  Yash Raj Films (USA) Inc., v. Atlantic Video, 2004 U.S. Dist. LEXIS 9739, *7 (N.D. Ill. 2004); Renalds v. S.R.G. Rest. Group, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000); Bobbitt v. Victorian House, Inc., 532 F. Supp. 734 (N.D. Ill. 1982).

## I.     Defendant's Affirmative Defenses

> Affirmative. Defense 1:          All employment decisions made by the defendant concerning Plaintiff were based upon legitimate, non-discriminatory reasons.

4.      Conclusory restatements of denial already putting the matter at issue are improper affirmative defenses which must be stricken. (See, Plt's Compl. ¶ 29):  Winding v. Pier Management Service, 1997 U.S. Dist. LEXIS 1012, No. 96 C 7461, 1997 WL 51475, at *2 (N.D. Ill. Feb. 4, 1997) (holding that affirmative defense that defendant terminated plaintiff's employment for "legitimate, non-discriminatory" reason is stricken as both unnecessary and inappropriate because this assertion was already put in issue by the defendant's denial in its answer).

> Affirmative Defense 4          Plaintiff's claims are barred by the doctrine of laches, waiver or estoppel and/or by Plaintiff's own actions or inactions or omissions.

5.      Waiver, estoppel, and laches are equitable defenses that must be pled with specific elements required to establish the defense. Bartashnik v. Bridgeview Bancorp Inc., 2005 U.S. Dist. LEXIS 33657, * 14 (N.D. Ill. 2005) (J. Moran); Fluor Corp. v. Ill. Power Co. 326 F. 2d 374, 377-78 (7th Cir 1964); Bobbitt v. Victorian House, Inc. 532 F. Supp. 734, 738-39 (N.D. Ill. 1982). Courts have consistently struck these defenses when, as here, they are insufficiently pled. Yash Raj Films Inc. v. Atl. Video, 2004 U.S. Dist. LEXIS

9739, * 9 (N.D. Ill. 2004)(J. Filip)., Defendant has not provided sufficient allegations to establish the elements necessary to these defenses, therefore they must be stricken. .Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989)(."bare bones conclusory allegations" must be stricken).

| Affirmative Defense 5 | Defendant took reasonable care to prevent and correct promptly any harassing behavior and Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the Defendant or to avoid harm otherwise. |
|---|---|
| Affirmative Defense 6. | Even if the trier of fact were to determine that a discriminatory motive or reason played any part in the employment decisions or actions regarding the Plaintiff, which Defendant denies, such action or actions would have been taken in any event for legitimate, non-discriminatory reasons. |

6.      These two affirmative defenses are impermissible conclusory statements. Moreover, defendant has already put these matters in issue by denying certain allegations in its answer, and defendant not only need not but cannot raise these matters again via an affirmative defense. (Plt's Complaint ¶ 29, 30, 34, 43, 44, 49, 61, 73, 77) *See* Menchaca v. Am. Med. Response of Illinois, Inc., 6 F. Supp. 2d 971, 973 (N.D. Ill. 1998) (holding that where plaintiff employee alleged discriminatory and retaliatory reasons for her firing and defendant employer put those matters in issue by denials of those allegations,  employer could not put those matters in issue again via an affirmative defense asserting that it "terminated Plaintiff's employment for legitimate business reasons"); Winding v. Pier Management Service, 1997 U.S. Dist. LEXIS 1012, No. 96 C 7461, 1997 WL 51475, at *2 (N.D. Ill. Feb. 4, 1997) (holding that affirmative defense that defendant terminated plaintiff's employment for "legitimate, non-discriminatory" reason is stricken as both unnecessary and inappropriate because this assertion was already put in issue by the defendant's denial in its answer).  Therefore these affirmative defenses are improper and must be stricken.

-3-

Affirmative Defense 7.          Defendants actions concerning Plaintiff's employment were taken in the good faith belief, based upon reasonable grounds, that they did not violate any provisions of Title VII or the ADA.

7.      While good faith is an affirmative defense which must be pleaded by the defendants in a 42 U.S.C. 1983 action, this is not a § 1983 case. *See e.g.*, Gomez v. Toledo, 446 U.S. 635, 639-40, 64 L. Ed. 2d 572, 100 S. Ct. 1920 (1980) (holding that defendants must plead good faith as an affirmative defense in a § 1983 action); *accord* Chavis v. Rowe, 643 F.2d 1281, 1288 (7th Cir. 1981); *accord* Pape v. Lerman, 1982 U.S. Dist. LEXIS 12365, No. 73 C 380, 1982 WL 228, at *9 (W.D. Wis. Feb. 17, 1982).  Therefore affirmative defense seven must be stricken.

Affirmative Defense 8.          Plaintiff has failed to state a claim against Defendant that would warrant an award of punitive damages.

8.      Defendants' 8th affirmative defenses allege that punitive damages are not recoverable. Assertions that punitive damages are not recoverable or constitutional do not constitute affirmative defenses under Section 8(c). Kiswani v. Phoenix Sec. Agency, Inc., 2006 U.S. Dist. LEXIS 6997 (N.D. Ill. Feb. 22, 2006) Darrah, J.

Affirmative Defense 9.          Plaintiff's compensatory and punitive damages claims are subject to the limitations imposed by 42 U.S.C. § 1981a(b)(3).

9.      Plaintiff has not brought or advanced any claims of discrimination pursuant to 42 U.S.C. § 1981, since the limitations imposed only apply to claims brought under 42 U.S.C. § 1981, this defense is not applicable and therefore must be stricken.

Affirmative Defense 10.          Punitive damages may not be awarded because any actions arguably justifying punitive damages were not authorized or ratified by Defendant and were committed, if at all, outside the scope of agency or employment of the actor; further any such conduct warranting punitive damages,

which is denied, was contrary to Defendant's personnel policies, compliance efforts, and effective solutions to employee EEO concerns.

10.     Defendants' 10th affirmative defenses allege that punitive damages are not recoverable. Assertions that punitive damages are not recoverable or constitutional do not constitute affirmative defenses under Section 8(c). Kiswani v. Phoenix Sec. Agency, Inc., 2006 U.S. Dist. LEXIS 6997 (N.D. Ill. Feb. 22, 2006) (Darrah, J). *See also*,  Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank and Trust Co., 576 F. Supp. 985, 991 (N.D. Ill. 1983)(Shadur J.); Northwestern Corp. v. Gabriel Mfg. Co., Inc., 1996 U.S. Dist. LEXIS 19275, 1996 WL 732519, (N.D. Ill. Dec. 18, 1996) (Anderson, J.). Also, these matters are already at issue by denials made by Defendant in its' Answer. (Plt's Complaint ¶ 29, 30, 34, 43, 44, 49, 61, 73, 77) .

Affirmative Defense 13      Some or all of Plaintiff's claims may be preempted by the Railway Labor Act and fall within the jurisdiction of the National Railway Adjustment Board..

11.     Defendant's Affirmative Defense 13,  fails to meet federal pleading requirements and fails to put Plaintiff on notice and to which claims my be preempted and to what extent if any. The Railway Labor Act is inapplicable to the present matter.  The Railway Labor Act applies if the claim is primarily "a question of interpretation of the collective bargaining agreement or a minor contract dispute," Johnson v. American Airlines, Inc., 487 F. Supp. 1343, 1346 (N.D. Tex. 1980). When the claim is essentially based on a federal statutory right, the plaintiff has an independent remedy which allows him to proceed directly to federal court. Id. *accord*, Piva v. Xerox Corp., 376 F. Supp. 242, 246 (N.D. Cal. 1974) Bremer v. St. Louis Southwestern Railroad Co., 310 F. Supp. 1333 (E.D. Mo. 1969). Even if collateral interpretation of the collective bargaining agreement is involved, exhaustion is unnecessary when the thrust of the complaint is discrimination rather than contract. Johnson, 487 F. Supp. at 1346.

-5-

### *CONCLUSION*

The purpose of *Fed. R. Civ. P.* 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it. Servpro Indus. Inc. v. Schmidt, 905 F. Supp. 475, 483 (N.D. Ill. 1995). Rule 8(c) provides that a party must set forth affirmative defenses in a responsive pleading. These pleadings are subject to all pleading requirements of the Federal Rules of Civil Procedure. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989).

The Court may strike from any pleading any insufficient defense. *Fed. R. Civ. P.* 12(f). Affirmative defenses must set forth a "short and plain statement" of the basis for the defense. *Fed. R. Civ. P.* 8(a); *accord* Heller, 883 F.2d at 1294. An allegation must include either direct or inferential allegations respecting all material elements of the defense asserted. *See, e.g.,* Renalds v. S.R.G. Rest. Group, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000). Simply naming a legal theory without indicating how it is connected to the case at hand is not sufficient to withstand a motion to strike. Id. at 803. Defendant is required under *Fed. R. Civ. P.* 8(a), to set forth a short and plain statement of the basis for the defense. Defenses which, as noted herein, are nothing but bare legal conclusion are not sufficient. Heller Fin., Inc. v Midwhey Powder Co. 883 F. 2d 1286, 1294 (7th Cir. 1989). "A so-called affirmative defense that is surplusage, in that it merely raises matters already at issue under a denial, may be stricken." Bobbitt, 532 F. Supp. at 736 (*quoting* 2A Moore's Federal Practice P 8.27(3) at 8-251)

For all the reasons argued above in Plaintiff's Motion to Strike, Plaintiff respectfully requests that this Honorable Court enter an order striking Defendant's Affirmative Defenses 2 and 3, with prejudice.

Respectfully Submitted,

/s/  Charles Siedlecki

Charles Siedlecki & Associates, P.C.

10540 S. Western Ave. - Suite 405

Chicago, Illinois 60643

773/881-2535